1   ALLEN MATKINS LECK GAMBLE
        MALLORY & NATSIS LLP
2   BENJAMIN J. KIM (BAR NO. 233856)
    ALANA U. THORBOURNE (BAR NO. 284591)
3   515 South Figueroa Street, Ninth Floor
    Los Angeles, California 90071-3309
4   Phone: (213) 622-5555
    Fax: (213) 620-8816
5   E-Mail: bjkim@allenmatkins.com
            athorbourne@allenmatkins.com
6
    Attorneys for Defendants
7   WELLS FARGO BANK, NATIONAL ASSOCIATION
    and RAISSA DEMAY
8
    LAW OFFICES OF PAUL B. JUSTI
9   PAUL B. JUSTI (BAR NO. 124727)
    1981 North Broadway, Suite 250
10  Walnut Creek, California 94596
    Phone: (925) 256-7900
11  Fax: (925) 256-9204
    E-Mail: pbjusti@comcast.net
12
    Attorneys for Plaintiffs
13  RICHARD WEIL and SOODABEH SHAKERIN

14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO/OAKLAND DIVISION

18  RICHARD WEIL and SOODABEH          Case No. 3:14-CV-3110-HSG
    SHAKERIN,
19                                     STIPULATED PROTECTIVE ORDER
                                       REGARDING CONFIDENTIAL
20          Plaintiffs,                INFORMATION

21      v.

22  WELLS FARGO BANK, NATIONAL
    ASSOCIATION; RAISSA DEMAY; and
23  DOES 1-25, INCLUSIVE,

24          Defendants.

25

26

27

28

1  **I.      PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of
3  confidential, proprietary, or private information for which special protection from public
4  disclosure and from use for any purpose other than prosecuting this litigation may be
5  warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the
6  following Stipulated Protective Order. The parties acknowledge that this Order does not
7  confer blanket protections on all disclosures or responses to discovery and that the
8  protection it affords from public disclosure and use extends only to the limited information
9  or items that are entitled to confidential treatment under the applicable legal principles.
10  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated
11  Protective Order does not entitle them to file confidential information under seal; Civil
12  Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and
13  the standards that will be applied when a party seeks permission from the Court to file
14  material under seal.

15  **II.      DEFINITIONS**

16          A.      Challenging Party: a Party or Non-Party that challenges the designation of
17  information or items under this Order.

18          B.      "CONFIDENTIAL" Information or Items: information (regardless of how it
19  is generated, stored or maintained) or tangible things that qualify for protection under
20  Federal Rule of Civil Procedure 26(c).

21          C.      Counsel (without qualifier): Outside Counsel of Record and House Counsel
22  (as well as their support staff).

23          D.      Designating Party: a Party or Non-Party that designates information or items
24  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

25          E.      Disclosure or Discovery Material: all items or information, regardless of the
26  medium or manner in which it is generated, stored, or maintained (including, among other
27  things, testimony, transcripts, and tangible things), that are produced or generated in
28  disclosures or responses to discovery in this matter.

Case No. 3:14-CV-3110-HSG
STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

1      F.     Expert: a person with specialized knowledge or experience in a matter
2 pertinent to the litigation who has been retained by a Party or its counsel to serve as an
3 expert witness or as a consultant in this action.

4      G.    House Counsel: attorneys who are employees of a party to this action.
5 House Counsel does not include Outside Counsel of Record or any other outside counsel.

6      H.    Non-Party: any natural person, partnership, corporation, association, or
7 other legal entity not named as a Party to this action.

8      I.    Outside Counsel of Record: attorneys who are not employees of a party to
9 this action but are retained to represent or advise a party to this action and have appeared
10 in this action on behalf of that party or are affiliated with a law firm which has appeared on
11 behalf of that party.

12      J.    Party: any party to this action, including all of its officers, directors,
13 employees, consultants, retained experts, and Outside Counsel of Record (and their support
14 staffs).

15      K.    Producing Party: a Party or Non-Party that produces Disclosure or
16 Discovery Material in this action.

17      L.    Professional Vendors: persons or entities that provide litigation support
18 services (e.g., photocopying, videotaping, translating, preparing exhibits or
19 demonstrations, and organizing, storing, or retrieving data in any form or medium) and
20 their employees and subcontractors.

21      M.    Protected Material: any Disclosure or Discovery Material that is designated
22 as "CONFIDENTIAL."

23      N.    Receiving Party: a Party that receives Disclosure or Discovery Material
24 from a Producing Party.

25 **III.    SCOPE**

26      The protections conferred by this Stipulation and Order cover not only Protected
27 Material (as defined above), but also: (1) any information copied or extracted from
28 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

1  Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel
2  that might reveal Protected Material.  However, the protections conferred by this
3  Stipulation and Order do not cover the following information:  (a) any information that is
4  in the public domain at the time of disclosure to a Receiving Party or becomes part of the
5  public domain after its disclosure to a Receiving Party as a result of publication not
6  involving a violation of this Order, including becoming part of the public record through
7  trial or otherwise; and (b) any information known to the Receiving Party prior to the
8  disclosure or obtained by the Receiving Party after the disclosure from a source who
9  obtained the information lawfully and under no obligation of confidentiality to the
10  Designating Party.  Any use of Protected Material at trial shall be governed by a separate
11  agreement or order.

12  **IV.   DURATION**

13      Even after final disposition of this litigation, the confidentiality obligations imposed
14  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or
15  a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1)
16  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final
17  judgment herein after the completion and exhaustion of all appeals, rehearings, remands,
18  trials, or reviews of this action, including the time limits for filing any motions or
19  applications for extension of time pursuant to applicable law.

20  **V.   DESIGNATING PROTECTED MATERIAL**

21      A.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each
22  Party or Non-Party that designates information or items for protection under this Order
23  must take care to limit any such designation to specific material that qualifies under the
24  appropriate standards.  The Designating Party must designate for protection only those
25  parts of material, documents, items, or oral or written communications that qualify – so
26  that other portions of the material, documents, items, or communications for which
27  protection is not warranted are not swept unjustifiably within the ambit of this Order.

28

1    Mass, indiscriminate, or routinized designations are prohibited.  Designations that
2  are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*,
3  to encumber or slow unnecessarily the case development process or to impose unnecessary
4  expenses and burdens on other parties) expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it
6  designated for protection do not qualify for protection, that Designating Party must
7  promptly notify all other Parties that it is withdrawing the mistaken designation.

8    B.    Manner and Timing of Designations.  Except as otherwise provided in this
9  Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
10  ordered, Disclosure or Discovery Material that qualifies for protection under this Order
11  must be clearly so designated before the material is disclosed or produced.

12    Designation in conformity with this Order requires:

13    1.    For information in documentary form (*e.g.*, paper or electronic
14  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),
15  that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains
16  protected material.  If only a portion or portions of the material on a page qualifies for
17  protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by
18  making appropriate markings in the margins).

19    A Party or Non-Party that makes original documents or materials available for
20  inspection need not designate them for protection until after the inspecting Party has
21  indicated which material it would like copied and produced.  During the inspection and
22  before the designation, all of the material made available for inspection shall be deemed
23  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants
24  copied and produced, the Producing Party must determine which documents, or portions
25  thereof, qualify for protection under this Order.  Then, before producing the specified
26  documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page
27  that contains Protected Material.  If only a portion or portions of the material on a page

28

1   qualifies for protection, the Producing Party also must clearly identify the protected

2   portion(s) (*e.g.*, by making appropriate markings in the margins).

3                 2.      <u>For testimony given in deposition or in other pretrial or trial</u>

4   <u>proceedings</u>, that the Designating Party identify on the record, before the close of the

5   deposition, hearing, or other proceeding, all protected testimony.

6                 3.      <u>For information produced in some form other than documentary and</u>

7   <u>for any other tangible items</u>, that the Producing Party affix in a prominent place on the

8   exterior of the container or containers in which the information or item is stored the legend

9   "CONFIDENTIAL." If only a portion or portions of the information or item warrant

10  protection, the Producing Party, to the extent practicable, shall identify the protected

11  portion(s).

12      C.      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

13  to designate qualified information or items does not, standing alone, waive the Designating

14  Party's right to secure protection under this Order for such material. Upon timely

15  correction of a designation, the Receiving Party must make reasonable efforts to assure

16  that the material is treated in accordance with the provisions of this Order.

17  **VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18      A.      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation

19  of confidentiality at any time. Unless a prompt challenge to a Designating Party's

20  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

21  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

22  does not waive its right to challenge a confidentiality designation by electing not to mount

23  a challenge promptly after the original designation is disclosed.

24      B.      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

25  process by providing written notice via email or facsimile of each designation it is

26  challenging and describing the basis for each challenge. To avoid ambiguity as to whether

27  a challenge has been made, the written notice must recite that the challenge to

28  confidentiality is being made in accordance with this specific paragraph of the Protective

1  Order. The parties shall attempt to resolve each challenge in good faith and must begin the

2  process by conferring directly (in voice to voice dialogue; other forms of communication

3  are not sufficient) within seven days of the date of service of notice under this paragraph

4  (unless otherwise stipulated by the parties). In conferring, the Challenging Party must

5  explain the basis for its belief that the confidentiality designation was not proper and must

6  give the Designating Party seven days (unless otherwise stipulated by the parties) to

7  review the designated material after the parties confer, to reconsider the circumstances,

8  and, if no change in designation is offered, to explain the basis for the chosen designation.

9  A Challenging Party may proceed to the next stage of the challenge process only if it has

10  engaged in this meet and confer process first or establishes that the Designating Party is

11  unwilling to participate in the meet and confer process in a timely manner.

12        C.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

13  intervention, the Designating Party shall file and serve a motion to retain confidentiality

14  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General

15  Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days

16  of the parties agreeing that the meet and confer process will not resolve their dispute,

17  whichever is earlier. Each such motion must be accompanied by a competent declaration

18  affirming that the movant has complied with the meet and confer requirements imposed in

19  the preceding paragraph. Failure by the Designating Party to make such a motion

20  including the required declaration within 21 days (or 14 days, if applicable) shall

21  automatically waive the confidentiality designation for each challenged designation. In

22  addition, the Challenging Party may file a motion challenging a confidentiality designation

23  at any time if there is good cause for doing so, including a challenge to the designation of a

24  deposition transcript or any portions thereof. Any motion brought pursuant to this

25  provision must be accompanied by a competent declaration affirming that the movant has

26  complied with the meet and confer requirements imposed by the preceding paragraph.

27        The burden of persuasion in any such challenge proceeding shall be on the

28  Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to

1    harass or impose unnecessary expenses and burdens on other parties) may expose the

2    Challenging Party to sanctions. Unless the Designating Party has waived the

3    confidentiality designation by failing to file a motion to retain confidentiality as described

4    above, all parties shall continue to afford the material in question the level of protection to

5    which it is entitled under the Producing Party's designation until the Court rules on the

6    challenge.

7    **VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8          A.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

9    disclosed or produced by another Party or by a Non-Party in connection with this case only

10    for prosecuting, defending, or attempting to settle this litigation. Such Protected Material

11    may be disclosed only to the categories of persons and under the conditions described in

12    this Order. When the litigation has been terminated, a Receiving Party must comply with

13    the provisions of section 13 below (FINAL DISPOSITION).

14          Protected Material must be stored and maintained by a Receiving Party at a location

15    and in a secure manner that ensures that access is limited to the persons authorized under

16    this Order.

17          B.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

18    ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

19    may disclose any information or item designated "CONFIDENTIAL" only to:

20          1.    the Receiving Party's Outside Counsel of Record in this action, as

21    well as employees of said Outside Counsel of Record to whom it is reasonably necessary

22    to disclose the information for this litigation and who have signed the "Acknowledgment

23    and Agreement to Be Bound" that is attached hereto as Exhibit A;

24          2.    the officers, directors, and employees (including House Counsel) of

25    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

26    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27

28

3.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.      the Court and its personnel;

5.      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

1.      promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

1009293.02/LA

1         3.    cooperate with respect to all reasonable procedures sought to be

2 pursued by the Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with the

4 subpoena or court order shall not produce any information designated in this action as

5 "CONFIDENTIAL" before a determination by the court from which the subpoena or order

6 issued, unless the Party has obtained the Designating Party's permission.  The Designating

7 Party shall bear the burden and expense of seeking protection in that court of its

8 confidential material – and nothing in these provisions should be construed as authorizing

9 or encouraging a Receiving Party in this action to disobey a lawful directive from another

10 court.

11 **IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

12        **PRODUCED IN THIS LITIGATION**

13        A.    The terms of this Order are applicable to information produced by a Non-

14 Party in this action and designated as "CONFIDENTIAL."  Such information produced by

15 Non-Parties in connection with this litigation is protected by the remedies and relief

16 provided by this Order.  Nothing in these provisions should be construed as prohibiting a

17 Non-Party from seeking additional protections.

18        B.    In the event that a Party is required, by a valid discovery request, to produce

19 a Non-Party's confidential information in its possession, and the Party is subject to an

20 agreement with the Non-Party not to produce the Non-Party's confidential information,

21 then the Party shall:

22        1.    promptly notify in writing the Requesting Party and the Non-Party

23 that some or all of the information requested is subject to a confidentiality agreement with

24 a Non-Party;

25        2.    promptly provide the Non-Party with a copy of the Stipulated

26 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

27 specific description of the information requested; and

28

Case No. 3:14-CV-3110-HSG
STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

1            3.       make the information requested available for inspection by the Non-

2    Party.

3            C.      If the Non-Party fails to object or seek a protective order from this Court

4    within 14 days of receiving the notice and accompanying information, the Receiving Party

5    may produce the Non-Party's confidential information responsive to the discovery request.

6    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

7    information in its possession or control that is subject to the confidentiality agreement with

8    the Non-Party before a determination by the Court.[1] Absent a court order to the contrary,

9    the Non-Party shall bear the burden and expense of seeking protection in this Court of its

10   Protected Material.

11   **X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing

15   the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all

16   unauthorized copies of the Protected Material; (c) inform the person or persons to whom

17   unauthorized disclosures were made of all the terms of this Order; and (d) request such

18   person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

19   attached hereto as Exhibit A.

20   **XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

21           **PROTECTED MATERIAL**

22          When a Producing Party gives notice to Receiving Parties that certain inadvertently

23   produced material is subject to a claim of privilege or other protection, the obligations of

24   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

25   This provision is not intended to modify whatever procedure may be established in an e-

26

27   _____

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  discovery order that provides for production without prior privilege review.  Pursuant to

2  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

3  effect of disclosure of a communication or information covered by the attorney-client

4  privilege or work product protection, the parties may incorporate their agreement in the

5  stipulated protective order submitted to the Court.

6  **XII.  MISCELLANEOUS**

7          A.      Right to Further Relief.  Nothing in this Order abridges the right of any

8  person to seek its modification by the Court in the future.

9          B.      Right to Assert Other Objections.  By stipulating to the entry of this

10 Protective Order no Party waives any right it otherwise would have to object to disclosing

11 or producing any information or item on any ground not addressed in this Stipulated

12 Protective Order.  Similarly, no Party waives any right to object on any ground to use in

13 evidence of any of the material covered by this Protective Order.

14         C.      Filing Protected Material.  Without written permission from the Designating

15 Party or a court order secured after appropriate notice to all interested persons, a Party may

16 not file in the public record in this action any Protected Material.  A Party that seeks to file

17 under seal any Protected Material must comply with Civil Local Rule 79-5 and General

18 Order 62.  Protected Material may only be filed under seal pursuant to a court order

19 authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

20 Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing

21 that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

22 entitled to protection under the law.  If a Receiving Party's request to file Protected

23 Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied

24 by the Court, then the Receiving Party may file the information in the public record

25 pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

26 **XIII.  FINAL DISPOSITION**

27         Within 60 days after the final disposition of this action, as defined in Paragraph 4,

28 each Receiving Party must return all Protected Material to the Producing Party or destroy

1  such material. As used in this subdivision, "all Protected Material" includes all copies,
2  abstracts, compilations, summaries, and any other format reproducing or capturing any of
3  the Protected Material. Whether the Protected Material is returned or destroyed, the
4  Receiving Party must submit a written certification to the Producing Party (and, if not the
5  same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
6  (by category, where appropriate) all the Protected Material that was returned or destroyed
7  and (2) affirms that the Receiving Party has not retained any copies, abstracts,
8  compilations, summaries or any other format reproducing or capturing any of the Protected
9  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of
10  all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
11  correspondence, deposition and trial exhibits, expert reports, attorney work product, and
12  consultant and expert work product, even if such materials contain Protected Material.
13  Any such archival copies that contain or constitute Protected Material remain subject to
14  this Protective Order as set forth in Section 4 (DURATION).

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: February 27, 2015                          ALLEN MATKINS LECK GAMBLE
                                                        MALLORY & NATSIS LLP
3                                                       BENJAMIN J. KIM
                                                        ALANA L. THORBOURNE
4
5                                                       By: _____
                                                           BENJAMIN J. KIM
6                                                          Attorneys for Defendants
                                                           WELLS FARGO BANK, NATIONAL
7                                                          ASSOCIATION and RAISSA DEMAY
8
     Dated: February 26, 2015                          LAW OFFICES OF PAUL B. JUSTI
9                                                       PAUL B. JUSTI
10                                                      By: _____
11                                                         PAUL B. JUSTI
                                                          Attorneys for Plaintiffs
12                                                         RICHARD WEIL and SOODABEH
                                                           SHAKERIN
13
14
15
16
17                              **ORDER**
18
19
20   Dated: ____3/2/2015____                        _____
21                                                  HONORABLE Haywood S. Gilliam, Jr.
22
23
24
25
26
27
28

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on [date] in the case

of *WEIL v. WELLS FARGO INSURANCE SERVICES USA, INC.*, CASE NO.: 3:14-CV-

3110-VC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]

Signature: _____

Case No. 3:14-CV-3110-HSG
STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

1009293.02/LA